**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CIVIL ACTION NO. 08-179-DLB**

**MITCHELL WILLOUGHBY**                                                      **PETITIONER**

**vs.**                                    **MEMORANDUM ORDER**

**THOMAS L. SIMPSON**, *Warden*                                         **RESPONDENT**

***   ***   ***   ***

This matter is before the Court on Petitioner's Motion for Leave to Supplement Reply/Response to Respondent's Answer/Motion for Summary Judgment in light of *Martinez v. Ryan* (Doc. # 59).  The motion has been fully briefed (Docs. # 60, 61) and is ripe for consideration.  For the following reasons, Petitioner's motion is **denied**.

Although Petitioner's motion is styled as a motion for leave to supplement his reply, Petitioner actually presents two requests to the Court.  First, Petitioner seeks leave to supplement his reply to provide additional briefing on his ineffective assistance of trial counsel claim.  In the tendered supplement (Doc. # 59-2), Petitioner relies on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), to argue that his initial post-conviction counsel's ineffective assistance serves as cause to excuse the otherwise defaulted ineffective assistance of trial counsel claim.  In related fashion, Petitioner's also moves the Court to "hear evidence" before determining whether to excuse the procedurally defaulted ineffective assistance of trial counsel claim. However, *Martinez v. Ryan* has no relevance to Petitioner's ineffective assistance of trial counsel claim because, as the parties now agree, the claim is not

1

procedurally defaulted.  (*See* Docs. # 60 at 4, 61 at 3-4).

A claim is procedurally defaulted if the "habeas petitioner fails to obtain consideration of [the] claim by a state court, either due to the petitioner's failure to raise the claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim . . . ." *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000) (citing *Wainwright v. Sykes*, 433 U.S. 72, 90, 94-87 (1977); *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).  Here, Petitioner's ineffective assistance of trial counsel claim is not procedurally defaulted because he presented the claim in a post-conviction motion pursuant to Rcr. 11.42, which was adjudicated on its merits by the circuit judge and on appeal by the Kentucky Supreme Court.  *Willoughby v. Commonwealth*, No. 2005-SC-0115-MR, 2006 WL 3751392, at **1, 3-7 (Ky.  Dec. 21, 2006).  In a nine-page opinion, the Kentucky Supreme Court divided Petitioner's ineffective assistance of counsel claim into three sub-claims, and then applied the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984) to each sub-claim.  *Willoughby*, 2006 WL 3751392, at **3-7.  The court ultimately concluded that Petitioner "was not denied any of his federal or state constitutional rights to effective assistance of counsel . . ." and, therefore, affirmed the trial court's merits-based ruling.  *Id.* at *8.

Because Petitioner's ineffective assistance of trial counsel claim was adjudicated on its merits by the state court, *Martinez v. Ryan* has no relevance to this Court's adjudication of the claim on habeas review.  In *Martinez v. Ryan*, the Supreme Court addressed the limited question of "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in

2

a federal habeas proceeding." 132 S.Ct. 1309, 1315 (2012). That issue simply has no bearing on Petitioner's ineffective assistance of trial counsel claim. As a result, Petitioner's motion for leave to file a supplemental reply to address the applicability of *Martinez v. Ryan* to his ineffective assistance of counsel claim is **denied**.

Likewise, *Martinez* does not offer any justification for the Court to allow Petitioner to submit additional evidence in support of his ineffective assistance of counsel claim. When a claim has been adjudicated on its merits by the state court, the federal habeas court is limited to examining the record before the state court in determining whether the adjudication "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). Although Petitioner argues that his post-conviction counsel was ineffective in failing to fully develop his ineffective assistance of trial counsel claim, the *Martinez* decision does not modify the holding in *Pinholster*; therefore, this federal habeas court is limited to reviewing the state-court record in adjudicating his claim. *See Halvorsen v. Parker*, No. 08-484-DLB, 2012 WL 5866595, at *2-3 (E.D. Ky. Nov. 19, 2012). Any evidence submitted in support of the ineffective assistance of counsel claim cannot be considered and, therefore, expanding the record would be futile. As a result, Petitioner's request to expand the record is also **denied**. Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Leave to Supplement Reply/Response to Respondent's Answer/Motion for Summary Judgment in light of *Martinez v. Ryan* (Doc. # 59) is hereby **denied**.

This 28th day of November, 2012.



Signed By:

**David L. Bunning**

**United States District Judge**

G:\DATA\ORDERS\Death Penalty Files\Willoughby\Willoughby 08-179-DLB Order denying mtn for leave to file supplemental reply.wpd